FILED
03 JUL -2 PM 1:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 0 2 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALAN ELIAS, et al.,   }
                      }
     Plaintiffs,      }
                      }   CIVIL ACTION NO.
v.                    }   03-AR-1360-S
                      }
THE AMERICAN NATIONAL RED }
CROSS, et al.,        }
                      }
     Defendants.      }

## MEMORANDUM OPINION

In rapid succession, the court has been assigned two unrelated cases, both of which were removed from a state court by the American National Red Cross ("Red Cross") pursuant to a specialized jurisdictional statute, 36 U.S.C. § 300105(a)(5). Defendants, Red Cross and June Fletcher ("Fletcher"), removed the above-entitled case from the Circuit Court of Jefferson County, Alabama. Because plaintiffs have chosen not to file a motion to remand, the court examines its subject-matter jurisdiction *sua sponte*.

Two bases for removal jurisdiction are alleged in the notice of removal. The first is the complete diversity of citizenship between Alan Elias, et al., the plaintiffs, on the one hand, and the Red Cross and Fletcher on the other, plus the fact that the amount in controversy exceeds $75,000. These facts provide a basis for jurisdiction under 28 U.S.C. § 1332 **unless** the additional fact that Fletcher is an Alabama citizen creates an insurmountable jurisdictional obstacle when and if 28 U.S.C. § 1441(b) is applied.

The second asserted jurisdictional basis is the Red Cross's specialized access to a federal court found in 36 U.S.C. § 300105(a)(5), as construed by the 5 to 4 majority in *American National Red Cross v. S.G.*, 505 U.S. 247, 112 S. Ct. 2465 (1992).

Defendants have made no attempt in their notice of removal to invoke the supplemental jurisdiction of the court. Under 28 U.S.C. § 1446(a), it is incumbent upon a removing defendant to set forth in his notice of removal a valid ground for jurisdiction in this court. A federal court cannot be left to guess at its jurisdiction. Therefore, this court will only examine the grounds stated in the notice of removal and will not address the possibility that supplemental jurisdiction exists, although the absence of any reference by the removing defendants to supplemental jurisdiction may not have been inadvertent, and instead may have been an acknowledgment that there is no arguable basis for an exercise of supplemental jurisdiction in this case.

The court will discuss the two removal grounds in reverse order. The Supreme Court's decision in *S.G.* eliminated the then existing doubt over the Red Cross's right to remove a case brought against it in a state court. However, *S.G.* did not remove all doubt over the right of the Red Cross to remove a case in which a separate defendant faces a claim over which the federal court has no independent basis for jurisdiction. It is unsurprising that counsel were unfamiliar with the unpublished opinion of May 28,

2003, in *Jeannette C. Young, et al. v. The American National Cross, et al.*, CV-03-AR-1006-S, in which this very court remanded a very similar case. It, too, had been removed by the Red Cross. It, too, involved a second defendant who was Red Cross's agent and who had no independent ground for federal jurisdiction. This court did not expect to be faced with the same issue so soon, if ever. In *Young* the Red Cross did make an effort to invoke this court's supplemental jurisdiction over the claim brought against its co-defendant. As in the present case, there was no allegation in the notice of removal that the problematic defendant had been fraudulently joined for the purpose of interrupting the Red Cross's unique right to remove pursuant to 36 U.S.C. § 300105(a)(5). This court did not believe a month ago, and does not believe now, that 36 U.S.C. § 300105(a)(5) is a piggyback statute that invites the Red Cross to remove every case in which it is a party, no matter now many other defendants there are, or on what theories they are sued. If this had been the Supreme Court's intent in *S.G.*, the Red Cross would necessarily be exempted from the requirement of 28 U.S.C. § 1446 that all served defendants join in the notice of removal. Such an expansion of *S.G.* would mean that the Red Cross can decide the forum for all parties, even over their objections. Proof that the Red Cross enjoys no exemption from the other rules for removal is found in the Fifth Circuit's pointed opinion in *Doe v. Kerwood*, 969 F. 2d 165, 167 (5th Cir. 1992). There the Fifth

3

Circuit, shortly after *S.G.* was decided, met head-on and rejected the Red Cross's argument that "bringing a joint claim against a federally incorporated defendant and other non-federal defendants resulted in endowing the entire matter, including the individual defendants, with a federal character." *Id.* at 167-168. Although Fletcher, the Red Cross's co-defendant in this case, has consented to the removal, she cannot confer jurisdiction on this court by simply riding on the Red Cross's coattails.

A better argument for tag-along jurisdiction over Fletcher, if there is one, can be fashioned upon defendants' joint invocation of 28 U.S.C. § 1332, together with plaintiffs' unprompted contention that 28 U.S.C. § 1441(b) is a procedural matter that can be waived. Plaintiffs' attempt to relinquish their clear right to try their case in the forum of their original choice, and instead to proceed in this court, is not something that can be allowed to sway the court. As previously stated, the absence of a motion to remand does not remove this court's obligation to scrutinize its own subject-matter jurisdiction.

The notice of removal in this case makes no attempt to state a way around the express provision in 28 U.S.C. § 1441(b) that removals based on diversity can only take place "**if none of the parties in interest properly joined and served as defendants as a citizen of the State in which such action is brought.**" (emphasis supplied). Either these defendants were unaware of § 1441(b) when

4

they removed, or they believed that § 1441(b) is an obscure procedural limitation that plaintiffs would not know about. This court doubts that defendants expected plaintiffs to do what they have done, namely, to ask the court to overlook the fact that Fletcher is an Alabama resident. The question, then, becomes whether § 1441(b) is a matter that can be waived.

With respect to § 1441(b) Professor Moore points out: "The courts are split on whether the ban on local defendants is procedural or jurisdictional." 16 JAMES WM. MOORE et al., Moore's Federal Practice § 107.14[2][e][ii] (3d ed. 2002). The most persuasive argument on point comes from the Eighth Circuit in *Hurt v. Dow Chemical Co.*, 963 F. 2d 1142, 1145-1146 (8th Cir. 1992), which held:

> The parties do not dispute that when the plaintiff filed this action, the parties were diverse. Irene Hurt was a citizen of Illinois, Dow was a citizen of Delaware, and Rose was a citizen of Missouri. Therefore, Hurt could have filed this suit in federal court in the first instance, and the federal court would have had original jurisdiction. This case, however, was not originally filed in federal court. Hurt chose to file it in state court, as she had a right to do. In order for Dow and Rose to invoke the jurisdiction of the federal court, they must meet the statutory requirements for removal jurisdiction. Title 28 U.S.C. § 1441(b) makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed.
>
> * * * * *
>
> In the present case . . . there is an absence of subject-matter jurisdiction. A jurisdictional defect, unlike a

5

procedural defect, cannot be waived.

The Supreme Court has not spoken on the subject, and this court has been unable to find an unequivocal holding by the Eleventh Circuit placing it in either camp. The Eleventh Circuit did conduct an interesting discussion touching on the subject in *Snapper, Inc. v. Redan*, 171 F. 3d 1257-1258 (11th Cir. 1999). That discussion began with the following:

> When diversity jurisdiction is the only ground for federal subject-matter jurisdiction in a case initially filed in state court, such a case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b) (1994).

But, there was no **holding** in *Snapper*. The Eleventh Circuit simply acknowledged a difference of opinion which it did not resolve for the Eleventh Circuit. In *Bregman v. Alderman*, 955 F. 2d 660 (11th Cir. 1992), the Eleventh Circuit had earlier uttered an enigmatic dictum that could be construed to favor the argument that a violation of § 1441(b) is merely a procedural defect, but this court remains convinced by the Eight Circuit that § 1441(b) was intended as an actual subtraction from the subject-matter jurisdiction that would otherwise be afforded by 28 U.S.C. § 1332, and did not simply create a potential, waivable procedural defect.

This conclusion is consistent with this court's holding in *Smith v. MBL Life Assurance Corp.*, 727 F. Supp. 601 (N.D. Ala. 1989). That case dealt with 28 U.S.C. § 1446(b), another statue

designed to subtract from the diversity jurisdiction that would otherwise be provided by 28 U.S.C. § 1332. This court's reasoning in *MBL* in reaching its conclusion that the one year limitation on the right to remove a diversity case is jurisdictional, and acts as an absolute bar to removal, applies equally to the limitation imposed by § 1441(b) on the right to remove a diversity case. *MBL* has been followed in this circuit by *Mize v. Americraft Corp.*, 874 F. Supp. 356 (M.D. Ala. Ala. 1994), and in the Sixth Circuit by *Brock v. Syntex Labs*, 791 F. Supp. 721 (E.D. Tenn. 1992).

### Conclusion

Because a core rule of federalism is that any real doubt about subject-matter jurisdiction must be resolved against removal, and because this court has severe doubt over its subject-matter jurisdiction in this case, the court will by separate order remand the case to the Circuit Court of Jefferson County, Alabama, but will stay the implementation of the order for fourteen (14) days in the event any party believes that this court's ruling is both erroneous and reviewable by mandamus or otherwise, and thinks an appellate attempt is worth it.

DONE this 2nd day of July, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE